UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN FRAZIER,<br><br>           Plaintiff,<br><br>    v.<br><br>BED BATH & BEYOND, INC. and GARY NEWTON,<br><br>           Defendants. | Case No. 11-mc-80270 RS (NC)<br><br>**ORDER GRANTING MOTION TO COMPEL; DENYING REQUEST FOR SANCTIONS; AND DENYING MOTION TO APPEAR BY TELEPHONE**<br><br>Re: Docket Nos. 1, 2, 8, 9 |

Defendants move to compel third party Fusionstorm to produce its personnel file for Plaintiff Frazier, a former employee at Fusionstorm. The issues presented are whether the personnel file from a prior employer is relevant to this employment dispute and whether the requested documents are protected from disclosure under privacy laws. Because the Court finds that the requested personnel file is relevant and that any privacy interests may be protected through a protective order, the motion to compel is granted.

## I. BACKGROUND

This discovery dispute arises from an action pending in the United States District Court for the District of New Jersey, *Kevin Frazier v. Bed Bath & Beyond, Inc. and Gary Newton*, Case No. 10-cv-5398. Plaintiff asserts claims of discrimination, harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Fair Labor Standards Act, and various state laws.

Case No. 11-mc-80270 RS (NC)
ORDER RE: MOTION TO COMPEL

This particular motion to compel involves a document subpoena through which Defendants seek third party Fusionstorm's personnel file for Plaintiff. (Dkt. No. 1). Plaintiff was employed by Fusionstorm from July 15, 2010 to March 15, 2011. *Id.* Fusionstorm objects to the subpoena claiming the documents sought are irrelevant and contain private and confidential information regarding Frazier. (Dkt. 2, Ex. D). Plaintiff has not taken a position in this discovery dispute.

## II. DISCUSSION

### A. Request for Plaintiff's Prior Personnel File is Reasonably Calculated to Lead to the Discovery of Admissible Evidence.

Defendants assert that Plaintiff's employment records at Fusionstorm are relevant as to Plaintiff's habits, or pattern and practice, of making similar discrimination claims against previous employers. (Dkt. No. 1, at 4). While making a boilerplate "relevance" objection, Fusionstorm has not specifically responded to Defendants' relevance argument. (*See* Dkt. No. 2, Ex. D).

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b). Discovery sought is relevant where it appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Under Fed. R. Evid. 406, "Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice." Fed. R. Evid. 406.

Here, the Court finds that in an employment dispute of this type, a request to a recent employer for personnel records is reasonably calculated to lead to the discovery of admissible evidence. It is reasonably calculated that the personnel files might contain evidence of habit (Fed. R. Evid. 406), or proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident (Fed. R. Evid. 404(b)). Fusionstorm's files for Frazier are therefore discoverable under Rule 26.

Case No. 11-mc-80270 RS (NC)
ORDER RE: MOTION TO COMPEL            2

**B.     Plaintiff's Privacy Concerns May Be Addressed By Protective Order.**

Even if Fusionstorm's documents are relevant, the Court must weigh the value of the information sought against Frazier's privacy interest in his prior personnel records.

Federal courts "recognize a constitutionally-based right of privacy that can be raised in response to a discovery request." *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995). Resolution of a privacy objection requires courts to balance the need for the information sought against the privacy right asserted. *Rubin v. Regents of Univ. of Calif.*, 114 F.R.D. 1, 4 (N.D. Cal. 1986) (court ordered the disclosure of peer review files after balancing Title VII claimant's need to prove discrimination against the university's claim of academic privilege). In the employment discrimination context, "a party seeking the discovery of personnel information must demonstrate, notwithstanding the breadth of discovery, that the value of the information sought would outweigh the privacy interests of the affected individuals." *Id.*

Courts commonly address a party's privacy assertions by way of a protective order, designed to protect that party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1); *see Kelly v. City of San Jose*, 114 F.R.D. 662, 666 (N.D. Cal. 1987) (court finding tightly drawn protective order sufficient to address confidentiality issues relating to disclosure of police manuals and memorandum in civil rights action).

Here, Fusionstorm has asserted a privacy objection on Frazier's behalf, without elaborating how release of the personnel records would harm Frazier. The Court finds that Frazier's interests very likely could be addressed through a protective order that, for example, limits the persons that could access the information from the personnel files; and/or limits the use of the personnel files.

Accordingly, the Court grants Defendants' motion and orders Fusionstorm to produce all documents requested in the subpoena by December 5, 2011. Frazier and/or Fusionstorm, however, after meeting and conferring with counsel for Defendants, may seek a protective order from this Court under Fed. R. Civ. P. 26(c)(1) that would limit the

1 Defendants' distribution and use of the personnel files.

    **C.    Request for Sanctions Denied**.

Defendants also move for sanctions against Fusionstorm, arguing that Fusionstorm willfully failed to comply with a properly served subpoena under Fed. R. Civ. P. 45(e). Here, Fusionstorms' objections on the basis of relevancy and privacy were procedurally proper under Fed. R. Civ. P. 45(c)(2)(b) and the Court finds that they were made in good faith. Accordingly, the Court denies Defendants' request for sanctions.

### III.  CONCLUSION

Defendants' motion to compel is granted. Fusionstorm must produce responsive documents by December 5. Plaintiff or Fusionstorm may file a motion for a protective order that would limit the Defendants' distribution and use of the personnel files.

Finally, because the motion has been decided without a hearing under Civil Local Rule 7-1(b), Defendants' motion to appear telephonically at the hearing is denied as moot (Dkt. No. 9).

IT IS SO ORDERED.

DATED: November 21, 2011

_____
NATHANAEL M. COUSINS
United States Magistrate Judge